IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, ex rel.
Gary King, Attorney General,

              Plaintiff,
vs.                                              CIVIL NO. 13-478 MV/LFG

BANK OF AMERICA CORPORATION,
and FIA CARD SERVICES, N.A.,

              Defendants.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER
## TO STAY DISCOVERY
## BUT SETTING NEW PRETRIAL CASE MANAGEMENT DEADLINES

THIS MATTER is before the Court on "Defendants' Motion for a Protective Order to Stay Discovery Pending Resolution of Motions to Dismiss" [Doc. 49]. The Court considered the Motion and Response [Doc. 51], and determines that neither a reply nor oral argument is necessary.[1]

### Background

Plaintiff's Amended Complaint alleges Defendants' actions in marketing, selling and administering various fee-based products and services to New Mexico consumers are in violation of the New Mexico Unfair Trade Practices Act, as well as regulations promulgated by the Consumer Financial Protection Bureau under the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5301 *et seq.* [Doc. 20.]

Defendants filed three motions to dismiss the Amended Complaint. The first [Doc. 32] is

---

[1] At the Rule 16 scheduling conference conducted in July 2013, Defendants advised that they would seek a motion to stay discovery pending resolution of potentially dispositive motions. [*See* Doc. 41, at 1-2.] The undersigned Magistrate Judge indicated that the Court would not rule on a motion for a stay until briefing was complete on the potentially dispositive motions. Those motions have since been filed and briefed.

brought under Fed. R. Civ. P. 12(b)(6) alleging a failure to state a claim; the second [Doc. 33] seeks dismissal, in part, on grounds of *res judicata* or preemption; and the third [Doc. 34] contends dismissal is appropriate under Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction over one defendant) and Rule 12(b)(6).

## Motion to Stay Discovery and Legal Standards

Defendants argue that a stay of discovery is appropriate because of the pending motions to dismiss; however, Defendants correctly note that the pendency of a potentially dispositive motion shall not serve to stay discovery. [*See* Doc. 49, at 2].

Although a stay of discovery is generally disfavored, the Court has broad discretion in accordance with Fed. R. Civ. P. 26(c) to stay an action while a dispositive motion is pending. String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished); Fed. R. Civ. P. 26(c) (court can forbid discovery upon a showing of good cause). *See, e.g.,* Fancher v. Bank of America, N.A., 2012 WL 5187794, at *2 (D. Colo. Oct. 19, 2012) (unpublished) (setting forth reasons why court disfavors stays of discovery, including making a court's docket "thoroughly unpredictable and, hence, unmanageable" and requiring indefinite extensions of court's scheduling order deadlines); Jackson v. Denver Water Bd., 2008 WL 5233787, at *1 (D. Colo. Dec. 15, 2008) (unpublished) ("Generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss."). *See also* Steil v. Humana Health Care Plans, Inc., 2000 WL 730428, at *1 (D. Kan. May 1, 2000) ("The District of Kansas generally disfavors motions to stay discovery").

Moreover, courts have broad discretion over all aspects of discovery. Morales v. E.D. Etnyre & Co., 229 F.R.D. 661, 662 (D.N.M. 2005). The Tenth Circuit Court of Appeals explained that the trial court's wide discretion is premised on the view that:

2

> The District Court is in the best position to weigh these variables and determine the appropriate limits [on discovery] because, unlike an appellate court, the District Court has the ability to view first hand the progression of the case, the litigants, and the impact of discovery on parties and non-parties.

Miller v. Regents of Univ. of Colorado, 1999 WL 506520, at *12 (10th Cir. July 19, 1999) (unpublished).

In addition, when a court considers a motion to stay, it is vested with broad authority in managing its docket. *See* Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (*citing* Landis v. North American Co., 299 U.S. 248, 254 (1936)) ("The district court has broad discretion to stay proceedings as an incident to its power to control its own docket.")

## Discussion

After weighing the appropriate variables and considerations, the Court determines that a stay is not appropriate under the circumstances of this case. The Court reaches this decision for a number of reasons.

Stays of discovery are generally inappropriate when considered in light of the district's Civil Justice Expense and Delay Reduction Plan, which imposes target disposition dates on all civil cases filed in the district. In addition, while stays of discovery give the appearance of saving time and money, they rarely accomplish either goal. Instead, stays of discovery tend to prolong proceedings rather than expedite them. Indeed, such has already occurred in this case, and no stay is in place.

For example, at the Rule 16 scheduling conference, the case was assigned to a "standard" case management track with six months of discovery available. Plaintiff promptly served interrogatories and requests for production, which were met with equally prompt objections to all discovery based on Defendants' intent to file a motion to stay discovery.

3

Even though the Court had not yet acted on the motion to stay discovery, the case is essentially at a standstill. Plaintiff could not proceed to schedule and take depositions because responses to its written discovery were not submitted due to the plan to oppose discovery. Nearly three months of the allotted discovery time have elapsed without action. In other words, the refusal of one party to provide any discovery, plus the inability of the other party to obtain any discovery have stalled this case.

The Court further notes that there is a pretrial conference and a trial setting, albeit not until late 2014. Therefore, the Court's case management plan must be tailored to ensure that all discovery and all motion practice are resolved well in advance of the pretrial conference setting. Already, at the Rule 16 status conference, Defendants raised the issue that a request may be made to transfer this case from the "standard" case management track to a "complex" case management track, thus raising the potential that the Court may have to further extend deadlines if such a request is granted.[2] The Court is concerned that a complete stay of discovery will bring this litigation to a halt for an undetermined amount of time.

The Court recognizes that there are three motions to dismiss pending and that a court could elect to stay discovery under such circumstances. However, the Court makes these observations about the pending motions to dismiss. First, at the October 21, 2013 status conference, defense counsel indicated he would communicate with Plaintiff's counsel about the proper party Defendants. If Plaintiff is convinced that Bank of America, an alleged holding company, is an improper party, and FIA Card Services, the card issuer, is the correct party, Plaintiff would amend the Complaint to set forth the proper Defendant(s). If that occurred, one motion to dismiss might be resolved.

---

[2] A request to transfer the case to a complex case management track will be dependent on the trial Court vacating the pretrial conference and trial date.

Secondly, to the extent the Rule 12(b)(6) motion deals with failure to state a claim, those motions, even if granted, are generally granted without prejudice, allowing the pleader to attempt to re-plead a cause of action.  Thus, a stay of discovery, under these circumstances, does not promote the expeditious, final disposition of litigation.  Discovery taken, even on a claim that may be dismissed for failure to state a cause of action, will ultimately be helpful if the plaintiff re-pleads an appropriate claim for relief.

The *res judicata* or preemption motion, on the other hand, could be dispositive.  However, as noted, a potentially dispositive motion does not necessarily warrant a stay of discovery.

In sum, after considering all of the factors involved in this case, the Court is not convinced that Defendants demonstrated good cause to warrant a complete stay of discovery.  In other words, Defendants did not show that their pending motions to dismiss justified protection from "annoyance, embarrassment, oppression, or undue burden or expense" such that a stay of discovery, under Rule 26(c)(1)(A), should be entered.  Thus, in exercising its broad discretion over discovery matters, the Court denies the request to stay discovery.

However, at the Rule 16 status conference, the Court agreed to extend Plaintiff's and Defendants' expert disclosure and report deadlines.  By virtue of the Court's ruling denying a stay of discovery, it will now modify all case management deadlines so as to allow the parties some additional time to make up for those months in which discovery would have been stayed.

The new case management deadlines are as follows:

| | |
|---|---|
| Termination for discovery | March 20, 2014 |
| Motions relating to discovery filed by | April 9, 2014 |
| Plaintiff shall identify in writing any expert witness & submit Rule 26 report by | January 21, 2014 |

| | |
|---|---|
| Defendants shall identify in writing any expert witness & submit Rule 26 report by | February 20, 204 |
| Pretrial motions, other than discovery motions, shall be filed with the Court no later than | April 21, 2014 |
| Pretrial Order: | |
| Plaintiff's portion to Defendants | June 6, 2014 |
| Defendants to the Court on or before | June 20, 2014 |

The Court was apprised that Defendants' interrogatories included multiple sub-parts.[3] This is not in compliance with the numerical limitations imposed on discovery. The parties may ask only the allocated number of interrogatories authorized. In this case it was 25 interrogatories. This allocation does not permit the requesting party to include multiple sub-parts to an interrogatory unless each sub-part is counted as a discrete interrogatory. Based on the representations concerning Plaintiff's interrogatories, it is likely that Plaintiff exceeded the numeric limitation.

The Court is apprised that none of the interrogatories were answered due to the objections. Concerned that Plaintiff may have improperly sought broad, sweeping discovery not authorized by the Court, the Court now strikes all of Plaintiff's interrogatories previously served and allows the parties to begin anew with the discovery process. This will permit Plaintiff to serve a new set of interrogatories in compliance with the numerical limitation as ordered and allow the parties to move forward with both written and oral discovery.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[3] Defendants advised that 15 interrogatories each has multiple sub-parts, perhaps as many as five sub-parts per interrogatory.